UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **N. CLARK LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2363** |
| **UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ET AL** | **SECTION "B" (3)** |

## ORDER AND REASONS

Before the Court are defendants' motion to dismiss plaintiffs' FTCA and APA claims for lack of subject-matter jurisdiction (Rec. Doc. 20), plaintiffs' opposition (Rec. Doc. 23), and defendants' reply (Rec. Doc. 24). For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 20) is **GRANTED**, dismissing plaintiffs' FTCA and APA claims against defendants without prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. The Complaint of Housing Discrimination and Charge of Discrimination

Plaintiff Kathleen Cresson is a licensed Louisiana attorney and majority owner of N. Clark LLC, a limited liability company domiciled at 221 N. Clark Street, New Orleans, Louisiana. Rec. Doc. 15 at 3. On or about May 13, 2019, the Louisiana Fair Housing Action Center ("LaFHAC"), formerly known as the Greater New Orleans Fair Housing Action Center ("GNOFHAC") filed a complaint of housing discrimination to the Louisiana Department of Justice ("LaDOJ"), alleging that plaintiff Cresson and her husband discriminated against it based on familial status and race in violation of the Fair Housing Act, 42 U.S.C. § 3604(a) and (b). *See* Rec. Doc. 15 at 4; *see also* Rec. Doc. 15-4 at 5. On June 14, 2019, the complaint was amended in part to include N. Clark LLC as a respondent. *See id.* HUD reactivated the case on November 19, 2020. *Rec. Doc. 15 at 4.* Cresson

1

also alleges that the Texas HUD once again amended the complaint on December 22, 2020 to include verbal statements Cresson made concerning her property. *Id.*

On or about September 27, 2023, HUD filed a Charge of Discrimination against N. Clark LLC and plaintiff Cresson. Rec. Docs. 15 at 6; 15-4 at 5-12. On October 4, 2023, HUD published a press release regarding the Charge and its decision to sue plaintiffs for discriminating against potential tenants based on race and familial status. Rec. Doc. 15-4 at 1-4. HUD's charge of discrimination was sent to the DOJ, but DOJ elected not to file suit. Rec. Doc. 15 at 4, 6. In a letter dated June 4, 2024, Texas HUD informed plaintiff that the LaFHAC formally withdrew its complaint as of October 31, 2023. Rec. Doc. 15-1 at 1-2. The DOJ administratively closed the case, without a determination on the merits. Rec. Doc. 21 at 2.

Plaintiff further alleges that from March 2024 through August 2024, she sought to obtain the entire file related to the Charge from the DOJ under the FOIA. Rec. Doc. 15 at 4. Plaintiff further requested DOJ to dismiss the charge. Rec. Doc. 15 at 5. Specifically, she "requested a federal trial." *See* Rec. Doc. 15 at 6 ¶ 12; *see also* Rec. Doc. 15-5. In a correspondence dated May 19, 2024, plaintiff Cresson requested that the LaFHAC and HUD dismiss the complaint, charge, and press release. Rec. Doc. 15-1 at 2. Plaintiff further requested that HUD "send out a new press release," "vindicating" plaintiff-respondents by showing the complaint and charge were dismissed. Rec. Doc. 15-5 at 2. In this correspondence, plaintiff essentially alleges claims for slander and defamation due to HUD's publication of the press release. *See* Rec. Doc. 15-1 at 2.

Plaintiffs allege that their "tort claims were presented to the Texas HUD agency throughout the three years, with a summary and culmination with a "demand letter" on May 19, 2024, requesting that HUD either sue plaintiff-respondents in federal court or dismiss the complaint and charge, in addition to reissuing the press release stating that the complaint and charge had been

2

dismissed because there was no finding of probable cause to pursue the case. Rec. Doc. 15-5 at 7. Plaintiff sent a "final demand" letter to HUD and the DOJ on August 23, 2024. Rec. Doc. 15-6. In that correspondence, plaintiff re-urged her request that HUD dismiss the charge of discrimination and reissue a press release to that effect. *See id.*

### B. The Instant Lawsuit

On September 27, 2024, plaintiffs N. Clark LLC and Kathleen Cresson (collectively "plaintiffs") filed this action against the United States Department of Housing and Urban Development ("HUD") and the Department of Justice, Civil Rights Division ("DOJ") (collectively "defendants") under the Federal Tort Claims Act ("FTCA"), the Freedom of Information Act ("FOIA") and for state and federal civil rights violations seeking declaratory and injunctive relief and damages. *See* Rec. Doc. 1. In light of plaintiffs' first amended complaint (Rec. Doc. 15), defendants were permitted to withdraw their previous motion to dismiss and filed the instant motion to dismiss plaintiffs' FTCA claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Rec. Docs. 17; 20.

## LAW AND ANALYSIS

### A. Legal Standard

Federal courts are courts of limited jurisdiction and cannot adjudicate claims unless the authority to do so is conferred by statute. *Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at *4 (E.D. La. Feb. 5, 2020). "Therefore, federal courts must dismiss lawsuits whenever it appears that subject matter jurisdiction is lacking." *Id.* Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter

3

jurisdiction may be found in any one of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

"When subject matter jurisdiction is challenged, the Court first considers whether the defendant has made a 'facial' or a 'factual' attack upon the complaint." *Magee v. Winn-Dixie Stores, Inc.*, No. 17-8063, 2018 WL 501525, at *2 (E.D. La. Jan. 22, 2018) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)). "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson*, 644 F.2d at 523. In the case of a factual attack, the plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Id.* "In the case of a facial attack, the court 'is required to look to the sufficiency of the allegations in the complaint because they are presumed to be true.'" *Magee*, 2018 WL 501525, at *2 (quoting *Paterson*, 644 F.2d at 523). Here, defendants make a factual jurisdictional attack because they submitted evidence with their motion to dismiss. Thus, the Court will not presume the allegations in plaintiffs' complaint to be true and will instead look to the facts submitted by plaintiff who must state sufficient facts by the preponderance of the evidence that this Court has subject-matter jurisdiction over her FTCA claim.

Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that

would entitle the plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, not on the party moving for dismissal. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

   **B. Analysis**

     **i.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's FTCA Claims.**

       *a.  Plaintiffs Have Failed to Exhaust Their FTCA Claim*

The FTCA "supplies the 'exclusive remedy' for damages claims arising out of federal employees' official conduct." *See Hui v. Castaneda*, 559 U.S. 799, 806 (2010). Under the FTCA, "no damages action may be instituted against the United States 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing' or been left undecided for six months." *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013). Additionally, to provide proper notice under 28 U.S.C. 2675(a), a plaintiff must submit their "monetary claim in a sum-certain." *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir. 1988). The presentment requirement is jurisdictional and cannot be waived. *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) (quoting *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)). "The Supreme Court has recognized that strict compliance with the administrative exhaustion procedures outlined in the FTCA is required of a plaintiff who institutes an action against the United States." *Mendoza v. United States*, 2020 WL 6737871, at *2 (N.D. Tex. Nov. 17, 2020) (citing *McNeil v. United States*, 508 U.S. 106, 112 (1993)). The claimant bears the burden of establishing presentment, which is "strictly construed in

favor of the United States." *Barber v. United States*, 642 F. App'x 411, 413 (5th Cir. 2016). A pro se litigant is not excused "from meeting this threshold requirement." *Mendoza*, 2020 WL 6737871, at *4 (citing *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981)).

Here, plaintiffs have failed to present their claims to HUD and DOJ and therefore have not satisfied the FTCA's exhaustion requirement. This Court therefore lacks subject matter jurisdiction over plaintiffs' FTCA claims. As evidence of presentment, plaintiffs submitted letters they mailed to HUD in May and August, 2024. Rec. Docs. 15-5 and 15-6. In these letters, plaintiff Cresson demanded that HUD dismiss the complaint and charge as well as the press release describing HUD's investigation of the incident. Rec. Docs. 15-5 at 2; 15-6 at 3. Plaintiff Cresson also demanded that HUD issue a new press release stating that the complaint and charge had been dismissed. Rec. Doc. 15-5 at 2. However, the letters do not mention or allude to any claim under the FTCA or, critically, present any "monetary claim in a sum-certain." *Montoya*, 841 F.2d at 104; *see also Barber v. U.S.*, 642 F. App'x 411, 415 (5th Cir. 2016) (holding that plaintiff failed to satisfy the presentment requirement because their claim did not state a dollar amount and was therefore not a claim for money damages in a sum certain). The plaintiffs have therefore not provided HUD with "sufficient written information to begin investigating" and to place "a value on her claim." *See Carver v. 152-156 Caroline Ave.*, LLC, No. CV-24-00991, 2025 WL 27308, at *3 (E.D. La. Jan. 3, 2025).

### b. *Plaintiffs' Claims are Barred By The FTCA's Intentional Tort Exception*

Even if plaintiffs had properly exhausted their FTCA claim, the "intentional tort exception" to the FTCA's waiver of sovereign immunity would preserve the federal government's sovereign immunity here. The "intentional tort exception" preserves "the Government's immunity from suit for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious

prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Millbrook v. U.S.,* 569 U.S. 50, 52 (2012) (citing 28 U.S.C. § 2680(h)). As such, plaintiffs' slander and other intentional tort claims are barred.

        c.  *Plaintiffs' Constitutional Claims Are Barred by the FTCA*

Plaintiffs also appear to assert constitutional claims against HUD. *See, e.g.*, Rec. Doc. 15 at 12. To the extent that plaintiffs assert constitutional claims against HUD, they are barred. The FTCA only waives the United States' sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant." *See* 28 U.S.C. § 1346(b)(1). Because "private individuals cannot be liable for constitutional torts" neither are "constitutional tort claims . . . actionable under the FTCA." *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Nor may plaintiffs seek equitable relief based on the alleged violation of their constitutional rights. *See, e.g.*, Premier Med. LLC v. U.S. Dep't of Just., No. CV 19-1352, 2021 WL 206358, at *5 (W.D La. Jan. 20, 2021) (dismissing plaintiffs' equitable relief claims because equitable relief was not available under the FTCA). Therefore, plaintiffs' constitutional claims and request for equitable relief are barred.

    **ii.**    **The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Request for Injunctive and Declaratory Relief.**

Plaintiffs' request for equitable relief fails under the FTCA for the reasons provided. Though plaintiffs did not make a claim under the Administrative Procedure Act ("**APA**"), defendants additionally request dismissal of plaintiffs' equitable relief claims under the APA out "of an abundance of caution." Rec. Doc. 24 at 5. Though Defendants asserted this argument for the first time in its reply brief, a court must determine whether it has jurisdiction over a case and may examine its jurisdiction *sua sponte* if necessary. *See Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012).

Here, plaintiffs seek equitable relief concerning the actions of a federal agency: HUD. They request that the Court enjoin the "unproven and false HUD Charge" and the "malicious press release." Rec. Doc. 15 at 13; *see also* Rec. Doc. 23 at 6–7. Plaintiffs also request that the Court order HUD to formally dismiss the charge of discrimination as well as issue another press release stating that the charge has been dismissed. Rec. Doc. 15 at 11–14. Plaintiffs finally request declaratory relief, specifically requesting this Court to declare that "if the LaFHAC Complaint falls, then procedurally and under due process that the Charge on which it is based should also fall." Rec. Doc. 23 at 6.

The APA waives sovereign immunity for equitable relief claims related to unconstitutional final agency actions. 5 U.S.C. § 706(2)(B). Agency action is "final" for purposes of judicial review when 1) "the action…mark[s] the consummation of the agency's decisionmaking [sic] process" and is not of "a merely tentative or interlocutory nature" and 2) "the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Texas v. Cardona*, 743 F. Supp. 3d 824, 842 (N.D. Tex. 2024) (citing *Bennett v. Spears*, 520 U.S. 154, 177–78 (1997)). Though the APA authorizes courts to review final agency actions, the statute makes an exception for actions committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(2).

Plaintiffs have not identified any final agency action that the court is authorized to review pursuant to the APA. To the extent that plaintiffs challenge the administrative closure of the investigation, the Court determines that the closure does not constitute a final agency action because the action is not "one by which rights or obligations have been determined, or from which legal consequences will flow." *Cardona*, 743 F. Supp. 3d at 842. Even if the court had subject matter jurisdiction, HUD's decision to formally close a case concerning familial and race discrimination, without making any determination about whether discrimination has occurred, is

8

soundly within its discretion and would therefore not be subject to judicial review. *See, e.g.*, *U.S. v. Towers*, No. CIV. A. 93-4260, 1994 WL 382610, *7 fn. 7 (E.D. La. July 15, 1994) (stating that "HUD's investigation of the familial discrimination complaint…falls within the broad discretionary mandate given the Secretary of HUD to administer and delegate authority under the FHA…to make rules under the FHA…and to investigation violations of and enforce the FHA.").

Finally, the Court does not have subject matter jurisdiction to review the issuance of a press release for similar reasons: HUD's decision to issue the press release does not constitute a final agency action. The press release, stating only that HUD had charged plaintiff Cresson based on race and familial discrimination, did not "mark the consummation of the agency's decisionmaking process," did not determine any party's rights or obligations, nor were there legal consequences which flowed from the press release's issuance. *See Cardona*, 743 F. Supp. 3d at 842. Plaintiffs also generally allege that the press release damaged their reputation and ability to practice law. *See* Rec. Doc. 15 at 7; Rec Doc. 23 at 7. However, "[n]either harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries." *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 233–35 (1991)). As such, there is no constitutional harm here that plaintiffs can have redressed by seeking review in this Court.

New Orleans, Louisiana, this 7th day of November 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE