**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**N. CLARK LLC, ET AL**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 24-2363**

**UNITED STATES DEPARTMENT OF**                           **SECTION "B" (3)**
**HOUSING AND URBAN**
**DEVELOPMENT, ET AL**

## ORDER AND REASONS

Before the Court are defendants' motion for summary judgment on plaintiffs' remaining FOIA claim (Rec. Doc. 40), plaintiffs' opposition (Rec. Doc. 44), and defendants' reply (Rec. Doc. 45). For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 40) is **GRANTED**, and that plaintiffs' FOIA claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' discrimination claim is **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case were set out in the Court's November 10, 2025 Order and Reasons, wherein the Court dismissed plaintiffs' claims pursuant to the Federal Tort Claims Act and the Administrative Procedure Act. *See* Rec. Doc. 30. The Court will provide only a brief summary for the adjudication of the instant claim before it. On or about May 13, 2019, the Louisiana Fair Housing Action Center ("LaFHAC"), formerly known as the Greater New Orleans Fair Housing Action Center ("GNOFHAC") filed a complaint of housing discrimination to the Louisiana Department of Justice ("LaDOJ"), alleging that plaintiff Cresson and her husband discriminated against it based on familial status and race in violation of the Fair Housing Act, 42 U.S.C. § 3604(a)

1

and (b). *See* Rec. Doc. 15 at 4; *see also* Rec. Doc. 15-4 at 5. On June 14, 2019, the complaint was amended in part to include N. Clark LLC, Cresson's company, as a respondent. *See id*. Though the charge of discrimination was eventually submitted to the Department of Justice ("DOJ"), the DOJ elected to not file suit. Rec. Doc. 15 at 4, 6. The DOJ administratively closed the case, without a determination on the merits. Rec. Doc. 21 at 2.

On March 14, 2024, Cresson submitted a request to the DOJ's Civil Rights Division ("CRT") for "a copy of the entire file opened and closed on me and my LLC by the DOJ Civil Rights Division," concerning the allegations made against her and her company under the Fair Housing Act. Rec. Doc. 40-2 at 3. On March 25, 2024, CRT acknowledged Cresson's request and informed Cresson that it had attached a form for Cresson to verify her identity; however, the form was not attached to the letter when sent. *Id*. at 4. On March 26, 2024, Cresson responded to CRT's letter, noting that the referenced form was not attached. *Id*. The following day, CRT emailed Cresson the form, noting that it had mistakenly failed to attach the form. *Id*. By February 25, 2025, CRT and the United States Department of Housing and Urban Development ("HUD") completed their search for all responsive records. *Id*. Between February and July 2025, CRT processed all responsive records and made rolling releases to Cresson. *Id*. In response to Cresson's FOIA request, CRT located and processed a total of 2,680 pages of responsive records and released 608 pages to Cresson. *Id*. at 42. Of the 608 pages released to Cresson, 504 were released with redactions and 68 were released without any redactions. *Id*. Further, 1,148 pages were removed as duplicates of other records while 924 pages were withheld pursuant to FOIA exemptions. *Id*. at 2, 42.

On September 27, 2024, plaintiffs filed this action against HUD and CRT, asserting FTCA, APA, FOIA, and several state and federal claims against the defendants. Rec. Doc. 1. Plaintiffs later amended their complaint. Rec. Doc. 15. The defendants moved to dismiss all but the FOIA

claim against it. Rec. Doc. 20. The Court granted the defendants' motion, dismissing all but the FOIA claim against defendants. Rec. Doc. 30. On March 17, 2026, defendants moved for summary judgment on plaintiffs' remaining FOIA claim. Rec. Doc. 40. In support of their motion for summary judgment, defendants attached declarations from Killian Kagle, the Chief of the Freedom of Information/Privacy Act Branch of the CRT, and Robert Doles, the Acting Deputy Assistant Secretary in HUD's Office of Fair Housing and Equal Opportunity, describing the process of finding the relevant documents and deciding which should be released to Cresson. Rec. Docs. 40-2; 40-3. Of note, the agencies relied on several exemptions under FOIA, including 5 U.S.C. § 552(b)(3), (5), (6), and (7), when deciding which documents would be withheld. Rec. Docs. 40-2 at 2; 40-3 at 1. On April 8, 2026, plaintiffs opposed defendants' Motion for Summary Judgment, alleging that defendants acted in bad faith in processing Cresson's FOIA claim and stating that plaintiffs still have a discrimination claim against defendants pursuant to the Fair Housing Act. Rec. Doc. 44. Defendants have replied.

## LAW AND ANALYSIS

### A. Legal Standard

Summary judgment is appropriate when the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Material in support or opposition of a motion for summary judgment may be considered if it is "capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank*, N.A., 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting Fed. R. Civ. P. 56(c)(2)). Courts view all facts and evidence in the light most favorable to the non-moving party, but "refrain from making

credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins*. Co., 530 F.3d 395, 398 (5th Cir. 2008).

Where the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co*., 16 F.3d 616, 618 (5th Cir. 1994). Should the movant meet its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Bargher v. White*, 928 F.3d 439, 444–45 (5th Cir. 2019). An opposing party "may not rely merely on allegations or denials in its own pleadings, but must, in its response, set out specific facts showing a genuine factual dispute for trial." *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

Summary judgment is the proper vehicle for resolving FOIA claims. *See Cooper Cameron Corp. v. U.S. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases."). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001).

### B. Analysis

*i.    The FOIA Claim*

Defendants insist that CRT and HUD have complied with Cresson's FOIA request and withheld all documents it was authorized to withhold pursuant to applicable FOIA exemptions. An agency may satisfy its burden of proof that it complied with a FOIA request "through the submission of affidavits that identify the documents at issue and explain why they fall under the claimed exemption." *Mavadia v. Caplinger*, 1996 WL 592742, at *1 (E.D. La. Oct. 11, 1996). The affidavits "must be clear, specific and reasonably detailed while describing the withheld information in a factual and nonconclusory manner." *Id*. Further, an agency can demonstrate that it conducted an adequate search of all records "by showing that it used 'methods [that] can be reasonably expected to produce the information requested.'" *Gahagan v. U.S. Dep't of Just.*, No. CIV.A. 13-5526, 2014 WL 2158479, at *4 (E.D. La. May 23, 2014). Finally, "[w]ithout evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding the documents should not be questioned." *Gahagan v. U.S. Citizenship & Immigr. Servs.*, 111 F. Supp. 3d 754, 758 (E.D. La. 2015).

The material facts in this case are undisputed. Cresson submitted a request to CRT for "a copy of the entire file opened and closed on me and my LLC by the DOJ Civil Rights Division," concerning the allegations made against her and her company under the Fair Housing Act. Rec. Doc. 40-2 at 3. Defendants have replied to that request, providing to plaintiffs a total of 608 pages out of a total of 2,680 that were processed. Rec. Doc. 40-2 at 2. Defendants assert that 1,148 pages were removed for being duplicative, and that an additional 924 pages were withheld in full compliance with FOIA exemptions. In support of its decision to withhold this information, defendants have provided to this Court declarations from two federal employees who were

involved with responding to plaintiffs' FOIA request, and they have explained that the following FOIA exemptions apply: 5 U.S.C. § 552(b)(3), (5), (6), and (7). Rec. Doc. 40-1 at 11–17.

The declarations submitted contain exhaustive details about the information withheld and the exemption that applied to the withheld information. *See* Rec. Doc. 40-2 at 60–105; Rec. Doc. 40-3 at 14–16. After reviewing these declarations, the Court is satisfied that these declarations are "clear, specific and reasonably detailed" and satisfy the defendants' evidentiary burden. *See Mavadia*, 1996 WL 592742, at *1. Further, both declarations set out at length the process that CRT and HUD engaged in to find all responsive documents; as such, the Court is also satisfied that the agencies here conducted a reasonable search for all documents responsive to Cresson's FOIA request. *See* Rec. Doc. 40-2 at 4; Rec. Doc. 40-3 at 2.

In opposition, plaintiffs do not address the pertinent FOIA exemptions that defendants claimed authorized them to withhold certain documents, nor do they address any case law concerning FOIA exemptions. *See* Rec. Doc. 44. As such, plaintiffs do not show that the claimed exemptions do not apply. Instead, plaintiffs appear to assert in a conclusory manner that defendants acted in "bad faith" in handling Cresson's FOIA claim. *Id*. at 2. But plaintiffs have not presented compelling evidence of bad faith, and the Court does not find any evidence of bad faith.

First, plaintiffs argue that defendants engaged in bad faith by trying to shut down Cresson's FOIA request prematurely when Cresson's FOIA claim was closed for her failure to provide a certificate of identify form. Rec. Doc. 44 at 2. However, defendants have acknowledged that they inadvertently failed to provide Cresson the relevant form and promptly provided the form to her when informed of their mistake. Rec. Doc. 40-1 at 3. Plaintiffs provide no evidence that the agencies' failures here was the result of bad faith.

6

Second, plaintiffs also claim that defendants' withdrawal of an affidavit stating that Cresson never sent a completed form also constituted bad faith. Rec. Doc. 44 at 2. But the Court sees this as nothing more than defendants' attempt at correcting an error, not evidence that defendants engaged in bad faith. Third, plaintiffs claim that the agencies delayed in responding to Cresson's FOIA request. *Id*. at 3. However, a plaintiff's claim that an agency delayed its response to a FOIA request is mooted by the agency's response. *See Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) ("Insofar as [plaintiff] challenged the tardiness of the FBI's [FOIA] response, his claim was rendered moot by the FBI's response to his request.").

Finally, plaintiffs claim as "more alleged bad faith" an inoperative thumb drive that HUD provided her containing relevant documents and information. Rec. Doc. 44 at 3. There is no evidence that the inoperative thumb drive is the result of defendants' bad faith. Further, defendants have provided evidence that the transcript of the relevant audio files were produced and provided to plaintiffs in response to Cresson's FOIA request. *See* Rec. Doc. 40-1 at 3; Rec. Doc. 40-3 at 2–3.

In short, plaintiffs have not presented any evidence of bad faith, and therefore CRT's and HUD's supporting affidavits and declarations are entitled to the "presumption of legitimacy." *Gagahan*, 111 F. Supp. 3d at 758. The Court is satisfied, after reviewing the exhaustive declarations that defendants have submitted concerning the rationales for applying certain FOIA exemptions to the documents withheld, that defendants have satisfied their burden of proof. As such, defendants' motion for summary judgment is **GRANTED**, and plaintiffs' FOIA claim is therefore **DISMISSED WITH PREJUDICE**.

 *ii.*  *The Discrimination Claim*

Plaintiffs assert that they "still have a discrimination claim against…[d]efendants alleging discrimination" and that they should be allowed to assert a discrimination claim pursuant to the Fair Housing Act. Rec. Doc. 44 at 6. However, this claim was not asserted in either the original or amended complaints. *See* Rec. Docs. 1, 15. As such, the claim is not properly before this Court. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). As such, this Court can disregard the newly-raised claim.

Even if properly raised, the Court would dismiss the claim. It is well-settled that in order to file suit against the United States or one of its agencies, a complaint must identify a statute or law that unambiguously waives the sovereign immunity of the United States. *Creamer v. U.S.*, 261 F.App'x 814, 814–15 (5th Cir. 2008). Despite plaintiffs' claim that the Fair Housing Act "has waivers that allow lawsuits to be commenced against the federal government," Rec. Doc. 44 at 7, the Fifth Circuit has been clear that the Fair Housing Act does not "unambiguously waive" the government's sovereign immunity defense. *McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 522 n.89 (5th Cir. 2015). Further, "granting leave to amend would [be] futile, because 'the complaint as amended would be subject to dismissal' on the basis of…sovereign immunity." *Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021). Therefore, plaintiffs' discrimination claim is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 27th day of April 2026

_____

SENIOR UNITED STATES DISTRICT JUDGE

8